IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cr-30018 |
| | ) | |
| SEAN CURTIS, | ) | |
|     Defendant. | ) | |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are Defendant Sean Curtis's Motion for Severance (Doc. 209) and Motion to Waive Jury Trial (Doc. 210). For the reasons that follow, both motions are denied.

**I.    MOTION FOR SEVERANCE**

Defendant Sean Curtis is charged by Indictment with Conspiracy to Distribute 50 Grams or More of Methamphetamine (actual), in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) (Count One) and Distribution of 50 Grams or More of Methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Four). (Doc. 1). Defendant entered pleas of not guilty to both counts and a jury trial is set to commence on May 5, 2025.

Count One of the Indictment includes five alleged co-conspirators, four of whom have pleaded guilty. Co-Defendant Bradley Shelton also intends to proceed to a jury trial. Currently, Defendant and Shelton are joined for trial. Defendant has moved to sever Counts One and Four from the remaining counts of the Indictment so that those counts

can be tried separately. The Government has filed a response opposing Defendant's motion. (Doc. 214).

Federal Rule of Criminal Procedure 8(b) allows for the joinder of multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts of transactions, constituting an offense or offenses." The rule further provides, "All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). A defendant may seek to sever co-defendants for misjoinder under Rule 8(b) or for prejudicial joinder under Rule 14(b). *United States v. Hosseini*, 679 F.3d 544, 552-53 n.3 (7th Cir. 2012).

"Courts liberally construe joinder rules in order to promote judicial efficiency." *United States v. Carter*, 695 F.3d 690, 700 (7th Cir. 2012). "It is well-established that a conspiracy charge is a proper basis for joinder under Rule 8(b)." *United States v. Garner*, 837 F.2d 1404, 1412 (7th Cir. 1987). A conspiracy need only be alleged—the Government is not required to demonstrate sufficient evidence to support joinder. *Id.*

When defendants are properly joined under Rule 8, severance is governed by the requirements of Rule 14. *United States v. Balzano*, 916 F.2d 1273, 1280 (7th Cir. 1990) (citing *United States v. Lane*, 474 U.S. 438, 447 (1986)). Rule 14(a) allows for severance if "the joinder of offenses or defendants . . . appears to prejudice the defendant or the government." Fed. R. Crim. P. 14(b). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or

innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Seventh Circuit has stated that "the question of whether a joint trial infringes upon the defendant's right to a fair trial depends on whether it is within the jury's capacity, given the complexity of the case, to follow admonitory instructions and to keep separate, collate and appraise the evidence relevant only to each defendant." *Balzano*, 916 F.2d at 1281-82 (7th Cir. 1990).

The Indictment clearly meets the requirements of Rule 8. To the extent that Defendant asserts he was not involved in the conspiracy alleged in Count One, the Government is not required to prove the existence of a conspiracy to support joinder. As for Defendant's claim that his co-Defendants are not alleged to have been involved in Count Four, Rule 8(b) specifies that "defendants may be charged in one or more counts together or separately." Fed. R. Crim P. 8(b). The rule does not require all defendants to be charged in each count. *Id.*

In alleging prejudicial joinder under Rule 14, Defendant asserts that the failure to sever the offense from the remaining offenses may jeopardize his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161, due to Defendant Kristopher Rager's absence. However, Rager is not absent—he is in federal custody and pleaded guilty on April 15, 2025.

Defendant also contends that, while he does not know if Rager has provided a statement, he would suffer prejudice if the Government attempted to introduce any statement of Rager against Defendant. Given that Rager is not absent, it does not appear that a statement of Rager would prejudice Defendant under Rule 14. In any event, the Government states that it is unaware of any statements made by Rager that inculpate

Defendant. If this should change, the Government states that it will disclose to Defendant any required statements in accordance with its discovery obligations.[1]

Defendant's assertions of prejudicial joinder are speculative at best. Defendant has not demonstrated there is a serious risk that a joint trial would implicate Defendant's rights or prevent the jury from rendering a reliable judgment in reaching a verdict. To the extent there is any prejudice, the Court will consider any appropriate curative instructions and ensure that the jury is adequately informed to consider evidence relevant only to each Defendant. For all of these reasons, the Court denies Defendant's Motion to Sever.

## II.    MOTION TO WAIVE JURY TRIAL

Pursuant to Federal Rule of Criminal Procedure 23, Defendant Sean Curtis also moves to waive his right to a jury trial and proceed to a bench trial. Rule 23(a) provides that when, as here, a defendant is "entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed. R. Crim. P. 23(a). The Government has filed a response to Defendant's motion stating that it does not consent to a bench trial in this case. (Doc. 215 at 2). Given that Defendant and co-Defendant Shelton are joined for trial, the Government also represents that counsel for Defendant Shelton wishes to proceed with a jury trial and

---

[1] Based on the Government's representation, the Court need not order an in camera inspection of any statement by Rager that the Government intends to use as evidence. *See* Fed. R. Crim. P. 14(b).

does not consent to a bench trial. (*Id.*) Therefore, the Court denies Defendant's Motion to Waive Jury Trial.

### III.   CONCLUSION

For the reasons stated herein, Defendant Sean Curtis's Motion for Severance [Doc. 209] and Motion to Waive Jury Trial [Doc. 210] are DENIED.

ENTER: April 24, 2025

                                                       s/ Colleen R. Lawless
                                                      COLLEEN R. LAWLESS
                                        UNITED STATES DISTRICT JUDGE