IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>SEAN CURTIS,<br>    Defendant. | Case No. 23-cr-30018 |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Sean Curtis's Motion for Denial of Application of 21 U.S.C. § 851 Career Criminal Enhancements (Doc. 212).

### I. DISCUSSION

Defendant Sean Curtis is charged by Indictment with Conspiracy to Distribute 50 Grams or More of Methamphetamine (actual) and Distribution of 50 Grams or More of Methamphetamine (actual). (Doc. 1). The Indictment also included a Special Finding pursuant to 21 U.S.C. 851 alleging Defendant faced a sentencing enhancement due to his 2005 conviction for robbery in Illinois. (*Id.*) On April 6, 2024, the Government filed an Information Charging Prior Offenses elaborating on the Special Finding. (Doc. 126). Specifically, the Government asserts that, due to the robbery conviction, Defendant is subject to a statutory sentence of not less than 15 years and up to life imprisonment (rather than not less than 10 years without the enhancement), a fine not to exceed $20,000,00.00 (rather than $10,000,000 without the enhancement), and a term of supervised release not

less than 10 years and up to life (rather than not less than 5 years without the enhancement). (*Id.*).

Pursuant to 21 U.S.C. § 841(b)(1)(A)(viii), a prior conviction for a "serious violent felony" subjects Defendant to the sentencing enhancement described above. "Serious violent felony" means "an offense described in section 3559(c)(2) of title 18 for which the offender served a term of imprisonment of more than 12 months." 21 U.S.C. § 802(59). Section 3559(c)(2)(F)(i) proscribes several crimes as serious violent felonies, including robbery. A serious violent felony is defined as "any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use, of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense." 18 U.S.C. § 3559(c)(2)(F)(ii).

Defendant argues the 2005 robbery was not violent because no weapon was used. The Seventh Circuit has explicitly stated there "is no dispute that Illinois robbery on its face . . . constitutes a crime of violence." *United States v. Carr*, 107 F.4th 636, 646 (7th Cir. 2024). The Court did not distinguish between robbery, aggravated robbery, or armed robbery in making this finding. Further, even though the enhancement discussed in *Carr* derived from the Sentencing Guidelines and the instant analysis is statutory, "their scope is the same: they cover any federal or state felony 'that has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Smith*, 109 F4th 888, 891 (7th Cir. 2024), *quoting* U.S.S.G. § 4B1.2(a), (a)(1); 18 U.S.C. § 3559(c)(2)(F)(ii). The statute under which Defendant was convicted in 2005 stated "[a]

person commits robbery when he or she takes property . . . from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a) (1999). Therefore, Defendant's robbery constitutes a "serious violent felony" regardless of whether he possessed a weapon of any kind while committing the crime.

Additionally, Defendant argues the enhancement is inapplicable because Defendant did not serve nor was he subject to a maximum of 10 years or more. In Illinois, robbery is a Class 2 felony generally punishable by 3 to 7 years. 730 ILCS 5/5-8-1 (2005). However, Defendant was subject to an extended term Class 2 Felony sentence of 7 to 14 years as he was sentenced to 8 years. 730 ILCS 5/5-8-2 (2005). Therefore, the maximum Defendant faced was well over 10 years as required by 18 U.S.C. § 3559(c)(2)(F)(ii).

## II. CONCLUSION

For the reasons stated herein, Defendant Sean Curtis's Motion for Denial of Application of 21 U.S.C. § 851 Career Criminal Enhancements [Doc. 212] is DENIED.

ENTER: April 30, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE