IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SEAN CURTIS, )<br>)<br>Defendant. ) | Case No. 23-cr-30018 |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Sean Curtis' Motion for Reconsideration. (Doc. 253).

**I.     BACKGROUND**

Curtis pled guilty to the distribution of methamphetamine. (May 1, 2025 Minute Entry). The Government argues Curtis' sentence must be enhanced under 18 U.S.C. § 851 because he has a prior robbery conviction which classifies as a "serious violent felony." (Docs. 1, 126). Specifically, the Government contends Curtis, because of his past conviction, is subject to an enhanced statutory sentence of at least 15 years (rather than at least 10 years), a fine not to exceed $20,000,000 (rather than $10,000,000), and a term of supervised release of at least 10 years (rather than at least 5 years). (Doc. 126). Curtis asked the Court to deny application of the sentencing enhancement. (Doc. 212). He argued the robbery was not a "serious violent felony" warranting an enhancement because he did not commit the crime with a weapon. He also said the enhancement is inapplicable because he was not subject to a maximum imprisonment of ten years or

more. The Court disagreed, concluding the robbery was a "serious violent felony" regardless of whether it was committed with a weapon and finding Curtis' potential maximum sentence *was* over ten years. (Doc. 229). Curtis now moves for reconsideration. (Doc. 253).

## II.   DISCUSSION

Curtis first argues the Court failed to hold a required hearing on his opposition to the enhancement's application. Under Section 851, if the Government files information alleging a prior conviction and the defendant files a response that "denies any allegation of the information of prior conviction or claims that any conviction alleged is invalid," then "[t]he court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment." 18 U.S.C. § 851(b)–(c)(1). But Curtis does not deny the Government's allegations or the validity of his prior conviction. *See United States v. Martinez*, 413 F.2d 61, 64 (7th Cir. 1969) (finding a hearing is warranted when a defendant disputes the constitutional validity of a prior conviction). He admits to the prior robbery and only disputes whether it qualifies as a "serious violent felony." Therefore, a hearing is not required. *See United States v. Pemberton*, 85 F.4th 862, 865 (upholding district court's determination made at sentencing, not a Section 851 hearing, that a defendant's prior state conviction qualified as a "serious violent felony").

Curtis' second argument requires the Court to follow a short trail of cross-references to determine the interplay (or lack thereof) between several statutory provisions. This exercise verifies the Court used the correct definition of "serious violent

felony" in its previous opinion. The Court begins with 21 U.S.C. § 841(b)(1)(A)(viii). Under that provision, a prior conviction for a "serious violent felony" subjects Curtis to the contested sentencing enhancement. *Id.* Moving to the subchapter's definitions section, a "serious violent felony" means "an offense described in section 3559(c)(2) of title 18" for which the offender served over twelve months in prison. *Id.* § 802(59). Leaving Title 21 for 18 U.S.C. § 3559(c)(2)(F), a "serious violent felony" includes, as relevant here, certain forms of robbery and offenses punishable by ten or more years imprisonment that, by their nature, involve a substantial risk of physical force. The Court's prior opinion determined Curtis' robbery conviction was a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F). Now, Curtis asks the Court to consider that subparagraph's neighbor, 18 U.S.C. § 3559(c)(3)(A), which provides as follows:

> (3) Nonqualifying felonies.—
> (A) Robbery in certain cases.—Robbery, an attempt, conspiracy or solicitation to commit robbery; or an offense described in paragraph (2)(F)(ii) shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that—
> (i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and
> (ii) the offense did not result in death or serious bodily injury (as defined in section 1365) to any person.

Curtis contends he did not use a weapon during his prior robbery, making it a "nonqualifying felony" and the enhancement inapplicable. Even assuming the truth of Curtis' statement, 18 U.S.C. § 3559(c)(3)(A) is inapposite here. Section 3559 was codified by the "Three Strikes" law, which requires a life sentence on conviction of a third "serious

violent felony." *See United States v. Brown*, 276 F.3d 930, 931 (7th Cir. 2002). Accordingly, Courts apply the "nonqualifying felonies" provision to determine whether a conviction counts as a "strike" leading to mandatory life imprisonment, not to, as Curtis argues, assess whether a sentencing enhancement is appropriate under Section 841 of Title 21. *See United States v. Wicks*, 132 F.3d 383, 387–89 (7th Cir. 1997) (analyzing the "nonqualifying felonies" provision as part of the Three Strikes law).

Here, 21 U.S.C. § 802(59) expressly directs the Court to define "serious violent felony" using 18 U.S.C. § 3559(c)(2), which the Court did in its prior opinion. The Court cannot bring in exceptions from neighboring provisions. If Congress, when drafting Sections 802 or 841 of Title 21, had wanted the definition of "serious violent felony" to be limited by 18 U.S.C. § 3559(c)(3), it could have expressly done so. Because it did not, the Court will not either. "When Congress want[s] to refer only to a particular subsection or paragraph, it sa[ys] so." *Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 583 U.S. 416, 428 (2018) (quoting *NLRB v. SW General, Inc.*, 580 U.S. 288, 300 (2017)). As such, Curtis has not shown the enhancement inapplicable or the Court's prior opinion to be in error.

The Court's definition of "serious violent felony" also aligns with the categorical approach. Under the categorical approach, a court asks only whether a crime categorically triggers a particular consequence and does not consider the specific facts of an individual's crime. *See United States v. Liestman*, 97 F.4th 1054, 1056–57 (7th Cir. 2024). As the Court previously concluded, binding precedent establishes that robbery in Illinois constitutes a crime of violence on its face and therefore Curtis' robbery, regardless of

specifics, is a "serious violent felony." (Doc. 229 at 2-3) (citing *United States v. Carr*, 107 F.4th 636, 646 (7th Cir. 2024)). Furthermore, the Seventh Circuit has found robbery in Illinois to be a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F). *Wicks*, 132 F.3d at 387 (using the definition of robbery in 720 ILCS 5 /18-1(a)). Therefore, the Court denies Curtis' Motion to Reconsider on this basis.

### III.    CONCLUSION

Based on the foregoing, Curtis' Motion to Reconsider is DENIED. (Doc. 253).

ENTER:  10/2/2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE